IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEX HUAQIANG LEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-2139-KHV |
| | ) |
| GARMIN INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This employment discrimination case comes before the court on defendant Garmin International, Inc.'s motion for the entry of a protective order (**doc. 25**) and proposed protective order. Pro se plaintiff Alex HuaQiang Leo objects to certain provisions of the proposed protective order. The court grants defendant's motion for a protective order but modifies the proposed protective order as discussed below.

Plaintiff first objects to defendant's proposed protective order to the extent it provides for the parties to designate financial and medical information as confidential; plaintiff contends such information is not relevant in this case. Financial and medical information is the quintessence of information covered by protective orders, and plaintiff's objection is overruled. Whether or not particular medical or financial information is relevant is a separate matter that can be addressed in objections to discovery or in additional motions for protective orders.

Plaintiff next objects to paragraph 5 of the proposed protective order because "it could be arbitrarily interpreted to any document." Paragraph 5 discusses the procedure for

designating information as confidential. Plaintiff's objection is overruled. As set forth in Paragraph 12 of the protective order, if a party believes the other party has inappropriately designated material as confidential, the party can object to the designation. If the parties are unable to reach an agreement as to whether the information should be kept confidential, the opposing party may seek relief from the court.

Paragraph 6 of the proposed protective order sets forth the persons to whom confidential information may be disclosed. Plaintiff objects to the extent that Paragraph 6 would prohibit plaintiff from disclosing confidential information to his family members, a "part-time attorney," and an interpreter. Defendant responds that it does not object to adding recognized interpreters to the list of persons to whom confidential information may be disclosed, and the protective order is modified to reflect this change. With respect to the disclosure of information to a "part-time attorney," plaintiff's objection is denied. In order for the court to enforce the terms of the protective order, the court needs a means to track who is bound by the order. Thus, only attorneys who enter an appearance in the case (and their law firms of record) may have access to confidential information. With respect to plaintiff's request that his family members be given access to confidential information, plaintiff's objection is denied. While it may be true that "[p]laintiff's family has been impacted by the discriminatory practice," as alleged by plaintiff, this is likely true in most employment discrimination cases and is simply not a reason for allowing broader disclosure of the confidential information of third parties. Plaintiff may, of course, share information not marked as confidential with his family members. But plaintiff shall take all reasonable

steps to prevent family members living in his home from having access to information covered by the protective order.

Plaintiff next objects to the use of the term "reporter" in Paragraph 7 of the proposed protective order because the term is "not well defined." Plaintiff's objection is sustained, and the protective order is changed to replace the term "reporter" with the term "certified court reporter."

Plaintiff objects to Paragraph 8 of the proposed protective order, which discusses the procedure the parties must follow if they file confidential information with the court. This paragraph is consistent with the court's Guidelines for Agreed Protective Orders,[1] and the court overrules the objection.

Finally, plaintiff objects to Paragraph 15 of the proposed protective order on the ground that interpreters should have access to confidential information. Paragraph 15 requires any additional party that joins this action to execute an agreement to be bound by the protective order before the party may have access to confidential information. Thus, Paragraph 15 is not applicable to interpreters, and plaintiff's objection is overruled.

As discussed above, Paragraphs 6 and 7 of the proposed protective order have been changed. In addition, the court has modified Paragraph 19 of the proposed protective order to reflect the termination of the court's jurisdiction upon final disposition of the case. The protective order is filed concurrently with this order.

In consideration of the foregoing,

---

[1]*See* www.ksd.uscourts.gov/guidelines/protectiveorder.pdf.

IT IS HEREBY ORDERED:

1.       Defendant's motion for a protective order is granted.

2.       The clerk shall mail copies of this order and the protective order to plaintiff by regular and certified mail.

Dated this 23rd day of June, 2009, at Kansas City, Kansas.

 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge