IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEX HUAQIANG LEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-2139-KHV |
| | ) |
| GARMIN INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This employment discrimination case comes before the court on pro se plaintiff Alex Huaqiang Leo's "Motion for Hiring an Administrative Assistant" (**doc. 33**).  In this motion, plaintiff seeks a limited reprieve from paragraph 6 of the Protective Order (doc. 31), which constrains disclosure of information designated by a party as "confidential" to the parties, attorneys (and law firms) who have entered an appearance in this case, witnesses, experts, recognized interpreters, and the court.  Plaintiff seeks leave to disclose confidential information to Bo Liu, whom plaintiff proposes to hire and employ as an administrative assistant, provided that Mr. Liu agrees to be bound by the Protective Order.

Defendant Garmin International, Inc. opposes plaintiff's motion on the sole ground that Mr. Liu is related to plaintiff.[1]  Defendant notes that paragraph 6 of the Protective Order

---

[1] *See* Exhibit 3 to doc. 40 (email from plaintiff to defendant stating that Mr. Liu "is related to me").

O:\ORDERS\09-2139-KHV-33.wpd

explicitly forbade plaintiff "from disclosing Defendant's confidential information to any family member."[2]

In the court's order ruling plaintiff's objections to defendant's proposed protective order (doc. 30), the court addressed a general request by plaintiff that his family members be allowed access to confidential information. In discussing plaintiff's objections to paragraph 6 of the proposed protective order, the court denied plaintiff's request for carte blanche permission to disclose confidential information to his relatives, stating: "While it may be true that '[p]laintiff's family has been impacted by the discriminatory practice,' as alleged by plaintiff, this is likely true in most employment discrimination cases and is simply not a reason for allowing broader disclosure of the confidential information of third parties."[3]

The relief plaintiff requests in the instant motion is more limited, seeking permission to disclose confidential information to a single relative, who agrees to be bound by the protective order, for the specific purpose of assisting plaintiff with this case. Nonetheless, the court can find no legal authority that would permit a pro se plaintiff to disclose a defendant's confidential information, governed by a protective order, to a third-party, absent the defendant's consent. Thus, the court denies plaintiff's motion. The court notes that defendant has stated that it has no objection to plaintiff employing an administrative assistant and granting that assistant access to confidential information, if the administrative assistant is not related to plaintiff. Plaintiff is free to pursue this route of obtaining assistance.

---

[2] Doc. 31 at 4. Plaintiff is incorrect when he states that the Protective Order "does not prevent relatives from being hired as assistants as long as they are bound by the order." Doc. 40 at 1.

[3] Doc. 30 at 2.

-3-

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's "Motion for Hiring an Administrative Assistant" (doc. 33) is denied.

2. The clerk shall mail copies of this order to plaintiff by regular and certified mail.

Dated this 3rd day of September, 2009, at Kansas City, Kansas.

                             s/James P. O'Hara
                             James P. O'Hara
                             U.S. Magistrate Judge