**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ALEX HUAQIANG LEO, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 09-cv-2139-KHV |
| GARMIN INTERNATIONAL, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Alex H. Leo brings suit pro se against Garmin International, alleging employment discrimination on account of age in violation of the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and unspecified employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. This matter is before the Court on Defendant's Partial Motion To Dismiss (Doc. #8) filed April 24, 2009, Plaintiff's Motion Of Amendment To The Complaint (Doc. #32) filed June 22, 2009 and Defendant's Motion To Strike Plaintiff's Surreply To Defendant's Partial Motion To Dismiss (Doc. #38) filed July 9, 2009.[1] Defendant seeks to dismiss plaintiff's ADEA disparate impact claim and plaintiff's Title VII claims

---

[1] Defendant asks the Court to strike plaintiff's surreply which plaintiff filed without leave of court. See Plaintiff's Response In Objection Of Defendant's Reply To Dismiss (Doc. #34) filed June 30, 3009. Under D. Kan. Rule 7.1(c), parties are permitted file a motion, a response and a reply. Surreplies are typically not allowed. Humphries v. Williams Natural Gas Co., Case No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998). Surreplies are permitted in rare cases, but not without leave of court. See Metzger v. City of Leawood, 144 F. Supp.2d 1225, 1266 (D. Kan. 2001). Defendant's reply does not raise new issues or evidence which would permit the filing of a surreply. The Court therefore sustains defendant's motion to strike and will disregard plaintiff's surreply in analyzing defendant's partial motion to dismiss. Even if the Court were to consider the arguments in plaintiff's surreply, however, it would reach the same result on defendant's partial motion to dismiss.

for lack of subject matter jurisdiction. Defendant also seeks to dismiss plaintiff's Title VII claims for failure to state a claim. Plaintiff seeks leave to file an amended complaint. For reasons stated below, the Court sustains defendant's motions and overrules plaintiff's motion.

## **Legal Standards**

Rule 12(b)(1), Fed. R. Civ. P., governs motions to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge, the district court must accept the allegations of the complaint as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). Here, defendant's motion to dismiss is a facial challenge and the Court need not consider evidence outside the complaint.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F.Supp. 279, 280-81 (D. Kan. 1995) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Rev., 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F.Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6),

Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and then determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Iqbal, 129 S. Ct. at 1949. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Id. Plaintiff must show more than a sheer possibility that a defendant has acted unlawfully – it is not enough to plead facts that are "'merely consistent with'" liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. at 1949. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950.

Because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d at 1110. The Court, however, does not assume the role of advocate for a pro se litigant. See id.

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987). Rule 15(a), Fed. R. Civ. P., provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend. See Lange v. Cigna Individual Fin. Servs. Co., 759 F.Supp. 764, 769 (D. Kan. 1991). A proposed amendment is futile if the amended complaint would be subject to dismissal. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., 175 F.3d 848, 859 (10th Cir. 1999).

**Factual Background**[2]

In February of 2008, at age 46, plaintiff applied with Garmin for the position of Embedded Software Engineer. Garmin did not hire plaintiff for the position.

On June 2, 2008, based on Garmin's failure to hire him, plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"). See EEOC Charge No. 563-2008-01458, attached as Ex. 1 to Complaint (Doc. #1). On the charge, plaintiff marked the box for Age Discrimination, and in the narrative portion he wrote as follows:

> I applied for the position of Embedded Software Engineer in February, 2008. On April 15, 2008, I was contacted by Brad Mason regarding my previous application. I had originally applied for a position in about July, 2007. I confirmed that I had previously applied.
>
> I am qualified for the position based on my education and prior job

---

[2] The Court sets forth the facts alleged in the complaint and the administrative charges.

> experience.  However, I was not selected for the position.
>
> I believe that the company hires about 10 younger persons per month in this position.
>
> I believe that I have been discriminated against because of my age (46) in violation of the ADEA.

On December 22, 2008, the EEOC issued plaintiff a right to sue letter on his charge.

On March 20, 2009, plaintiff filed suit pro se.  The first question on the pro se complaint form required plaintiff to check the statutes upon which he bases his claims.  Plaintiff checked the lines for Title VII and the ADEA.  See Doc. #1 at 1.  Question 9 on the complaint form asked plaintiff to check all possible bases for discrimination, including race or color, religion, national origin, gender, disability, age and other.  In response, plaintiff marked only the line for age. Question 10 asked plaintiff to state the essential facts of his claims, and in response plaintiff stated that "the details of facts, issues, and reasoning are all attached."  See id. at 3.  Plaintiff attached an undated letter from his daughter, Beth Liu, to Congressman Dennis Moore.  Liu's letter asked Congressman Moore for help with "an unfortunate age discrimination case perpetrated by Garmin International against my father."  See Doc. #1-2 at 7.  Lui's letter included the text of an undated letter from plaintiff to the EEOC which stated that "the hiring decision of [Garmin] has disparate impact against the over-40-years protected group."  See id. at 9 (plaintiff's letter in response to EEOC letter of December 10, 2008 which proposed finding that EEOC could not conclude violation and invited plaintiff to submit additional information within seven days).

To his pro se complaint, plaintiff also attached a letter dated March 6, 2009 from the EEOC to Congressman Dennis Moore.  The letter summarized the EEOC investigation of plaintiff's administrative charge.  It stated that after defendant's recruiter (Brad Mason) spoke with plaintiff

on April 15, 2008, he determined that plaintiff did not have pertinent engineering experience and did not display strong written and verbal skills.[3] The letter further stated that Garmin had hired multiple applicants who were close to plaintiff's age, and that the EEOC had issued plaintiff a notice of right to sue on December 22, 2008.

On June 9, 2009, after Garmin filed its motion to dismiss in this case, plaintiff filed a second charge of discrimination with the EEOC. In the second charge, plaintiff asserted race and national origin discrimination under Title VII. He wrote that he had applied for a position in February of 2008, and that he had spoken to defendant's recruiter on April 15, 2008. Plaintiff stated that he was qualified for the position but was not selected. He also stated that he had become aware that Garmin did not hire him because Mason had difficulty understanding plaintiff. Plaintiff stated that he believed Mason had difficulty understanding him because "I have different linguistic characteristics common to Chinese groups." See EEOC Charge, June 9, 2009, Doc. #32-8.

## **Analysis**

**I.     Defendant's Partial Motion To Dismiss**

Garmin asserts that the Court must dismiss plaintiff's ADEA disparate impact claim and Title VII claims. Specifically, Garmin asserts that plaintiff did not exhaust administrative remedies on these claims and that the Court therefore lacks subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. Defendant also seeks to dismiss plaintiff's Title VII claims for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

Exhaustion of administrative remedies is a prerequisite to suit under Title VII and the ADEA.

---

[3] Defendant states that plaintiff actually spoke with Brad Mason on February 22, 2008 – not April 15, 2008.

See Shikles v. Sprint/United Mgmt Co., 426 F.3d 1304, 1306, 1317 (10th Cir. 2005). To exhaust administrative remedies, plaintiff generally must present his claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right-to-sue letter based on that charge. Id. at 1317. The charge gives the charged party notice of the alleged violation and provides the EEOC the opportunity to conciliate the claim. See Smith v. Johnson County Bd. of County Comm'rs, 56 Fed. Appx. 879, 882 (10th Cir. 2003); see also Shikles, 426 F.3d at 1317 (ADEA and Title VII have virtually identical requirements with respect to administrative charges). A plaintiff's claim in federal court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. Denver, 414 F.3d 1266, 1274 (10th Cir. 2005).

A. ADEA Disparate Impact Claim

Defendant argues that plaintiff did not exhaust administrative remedies on his disparate impact claim under the ADEA because he did not assert a disparate impact ADEA claim in his EEOC charge. Specifically, Garmin asserts that even broadly construing plaintiff's EEOC charge, plaintiff did not identify a hiring policy or practice with an adverse impact on a protected class.[4]

The ADEA distinguishes claims of disparate treatment and claims of disparate impact. See Pippin v. Burlington Resources Oil & Gas, 440 F.3d 1186, 1189 (10th Cir. 2006). Under the ADEA, disparate treatment occurs when defendant treats plaintiff less favorably because of age. See id. at 1192. To establish a prima facie case of disparate treatment in the context of failure to hire, plaintiff must show that (1) plaintiff belongs to a protected class; (2) plaintiff applied and was qualified for

---

[4] In response, plaintiff simply cites Smith v. Jackson, 544 U.S. 228 (2005), for the proposition that the Supreme Court has recognized use of disparate impact theory for ADEA cases.

a job for which the employer was seeking applicants; (3) the employer rejected plaintiff and (4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications.  See Garrison v. Gambro, Inc., 428 F.3d 933, 937 (10th Cir. 2005).

A claim of disparate impact, unlike a claim of disparate treatment, does not require a finding of intentional discrimination.  Pippin, 440 F.3d at 1199; Ortega v. Safeway Stores, Inc., 943 F.2d 1230, 1242 (10th Cir. 1991).  To the contrary, the entire "necessary premise of the disparate impact approach is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination."  Id.  To establish a prima facie case of disparate impact discrimination on the basis of age, plaintiff must show that a specific identifiable employment practice or policy caused a significant disparate impact on the protected group.  Carpenter v. Boeing Co., 456 F.3d 1183, 1187 (10th Cir. 2006).  Thus, an employee must point to both a significant disparate impact and a particular policy or practice that caused the disparity.  Pippin, 440 F.3d at 1200 (employee must isolate and identify specific employment practices allegedly responsible for observed statistical disparities).[5]

Plaintiff's EEOC charge of June 2, 2008 alleges that he applied for a position, that he was qualified for the position, that defendant hired younger individuals and that defendant did not hire plaintiff.  Defendant correctly asserts that this is a classic disparate treatment claim under the

---

[5] Although the ADEA authorizes recovery in disparate-impact cases, the "scope of disparate-impact liability under ADEA is narrower than under Title VII."  Pippin, 440 F.3d at 1199 (quoting Smith v. City of Jackson, 544 U.S. 228, 240 (2005) (Civil Rights Act of 1991 expanded employer liability on disparate impact theory in Title VII, but 1991 amendments did not affect ADEA).  The Court's narrower pre-1991 interpretation of disparate impact liability, as articulated in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989), applies to the ADEA.  Smith, 125 S. Ct. at 1545.

ADEA.[6]  A fair reading of plaintiff's EEOC charge does not reveal any claim of disparate impact. To show that he exhausted administrative remedies with respect to a disparate impact theory, plaintiff's disparate impact theory must be "reasonably related" to the allegations in his charge.

To determine whether plaintif's disparate impact claim is reasonably related to his disparate treatment claim, the Court must consider whether his allegations of disparate treatment created a reasonable expectation that the EEOC would investigate a claim of disparate impact. Martinez, 347 F.3d at 1210.  The focus of the Court's inquiry is on the language of the charge itself. See Edwards v. Creoks Mental Health Serv., Inc., 505 F. Supp.2d 1080, 1092 (N.D. Okla. 2007).  Here, the language of plaintiff's charge did not create a reasonable expectation that the EEOC would investigate a claim of disparate impact.  As noted, to state a disparate impact claim, plaintiff must identify a neutral employment practice or policy which adversely affected a protected class more than others.  Tyler, 118 F.3d at 1405; Garett v. Fed. Exp. Corp., No. 08-CV-0061-CVE-PJC, 2008 WL 2365020 at *3  (N.D. Okla. June 6, 2008).  Plaintiff's charge did not mention a facially neutral policy or any adverse effects on a protected class.  Plaintiff's failure to identify a "specific identifiable employment policy" suggests that he did not intend to raise a disparate impact claim in his EEOC charge.[7]  Boldrige v. Tyson Foods, Inc., 280 Fed. Appx. 723, 727–28 (10th Cir. 2008) (no showing that ADA disparate impact claim was reasonably related to ADA disparate treatment claim); see Carpenter, 456 F.3d at 1187.  Plaintiff also did not mention how any policy adversely

---

[6]      Defendant does not seek to dismiss plaintiff's ADEA disparate treatment claim.

[7]      Plaintiff attached to the complaint a letter to the EEOC in which he stated that "the hiring decision of [Garmin] has disparate impact against the over-40 years protected group." Nothing in the record suggests that plaintiff sent this undated letter to the EEOC as part of his administrative charge. Further, the letter does not identify a specific employment practice or policy which plaintiff contends affected the protected group.

affected a protected class. Plaintiff merely asserted that defendant did not hire him; he did not claim that defendant did not hire other members of a protected class as well. See Garrett, 2008 WL 2365020 at *3 (charge stated that plaintiff was only person disciplined for falsifying records; did not claim that defendant also disciplined other members of protected class).[8]

Here, plaintiff's charge did not mention a specific policy or an adverse effect on a protected class. Based on the narrow allegation in the EEOC charge, the EEOC would not reasonably have been expected to investigate a disparate impact claim. The Court therefore finds that plaintiff did not exhaust administrative remedies on his disparate impact claim under the ADEA.

### B. Title VII Claim

Defendant asserts that to the extent that plaintiff seeks to assert Title VII claims, he failed to exhaust administrative remedies and in the alternative, that he did not state a claim of Title VII discrimination. Defendant correctly points out that plaintiff's EEOC charge of June 2, 2008 alleged only a violation of the ADEA. Further, the charge did not specify a protected category under Title VII. See Belcher v. Boeing Commercial Airplane Group, 105 Fed. Appx. 222, 227 (10th Cir. 2004) (failure to exhaust remedies for retaliation where plaintiff marked box for race discrimination, but not boxes for retaliation and disability discrimination, and narrative portion of administrative

---

[8] Defendant cites Beth v. Espy, 854 F.Supp. 735 (D. Kan.1994), to support its argument that plaintiff has not exhausted administrative remedies for a disparate impact claim. In Beth, plaintiff brought claims under Title VII for sex discrimination. In her EEOC charge, Beth alleged that defendant failed to hire her for a management position even though she had more education and experience than the person hired. Id. at 737. She also alleged that defendant had a record of passing over qualified females for management positions. Id. at 738. The court found that Beth had not exhausted administrative remedies for a disparate impact claim. Id. It reasoned that even though the charge mentioned an adverse effect on a protected class, it did not mention the experience requirement which was the basis of her disparate impact claim. Id.

complaint did not suggest retaliation); cf. Jones v. United Parcel Serv., 502 F.3d 1176, 1186 (10th Cir. 2007) (consideration of acts not expressly included in administrative charge appropriate where alleged conduct would fall within scope of EEOC investigation which would reasonably be expected to follow charge of discrimination actually made). Plaintiff has therefore failed to exhaust administrative remedies as to any Title VII claim, and the Court therefore lacks subject matter jurisdiction over plaintiff's Title VII claims.

## II. Motion To Amend

Plaintiff seeks leave to amend his complaint. Defendant asserts that the proposed amendments are futile.

Count I of the proposed amended complaint is entitled "The Acceptance of Application." Plaintiff asserts that defendant accepted his resume and he therefore was a bona fide applicant. As defendant points out, however, an individual does not accrue a cause of action and a right to relief by sending a resume to a potential employer.

Count II of plaintiff's proposed amended complaint alleges that the bona fide occupational qualification ("BFOQ") defense does not apply to plaintiff's Title VII claims. Legal argument concerning a potential defense by an employer does not set forth a cause of action. In any event, Garmin does not assert a BFOQ defense, and in response to plaintiff's motion to amend, defendant states that it does not intend to raise such a defense.

Count III of the proposed amended complaint asserts that plaintiff can establish a prima facie case of disparate treatment under the ADEA. Defendant points out that an ADEA plaintiff is not entitled to relief simply by satisfying the prima facie burden. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). Therefore, like Counts I and II, Count III does not constitute a

separate cause of action upon which relief can be granted. Counts I, II and III of the proposed amended complaint would be futile. See Fed. R. Civ. P. 12(b)(6); Twombly, 550 U.S. at 555 (plaintiff must plead all facts necessary for showing he is entitled to the relief sought).

Counts IV, V and VII of the proposed amended complaint refer to a claim of disparate impact under the ADEA. The Court has already found that plaintiff has not exhausted his administrative remedies with respect to a disparate impact claim under the ADEA. Therefore, plaintiff's motion to amend to add an ADEA disparate impact claim is futile.

Count VI of the proposed amended complaint alleges that defendant failed to hire plaintiff on account of his race or national origin in violation of Title VII. Plaintiff apparently acknowledges that the EEOC charge which he filed on June 2, 2008 did not exhaust administrative remedies under Title VII. Plaintiff points out that on June 9, 2009, he filed a second charge of discrimination which stated that from February through April of 2008, when defendant failed to hire him, it discriminated on the basis of race and national origin.[9] See Doc. #32-3. Plaintiff asserts that the second charge exhausted administrative remedies on his Title VII claims. Defendant asserts that the June 9, 2009 administrative charge which alleged discrimination that ended in April of 2008 was untimely.

To bring a Title VII cause of action, an employee must file an administrative charge within 300 days after the alleged discriminatory act. 42 U.S.C. § 2000e-5(e). Here, plaintiff filed the second administrative charge on June 9, 2009 – over a year after the alleged discrimination ended in April of 2009. Thus, on its face, the charge was not timely. The 300-day deadline, however, is subject to waiver, estoppel and equitable tolling in limited circumstances. Plaintiff bears a

---

[9] In his charge of June 9, 2009, plaintiff stated that he had applied for a position with defendant in February of 2008, and that he spoke to Mason on April 15, 2008.

substantial burden to prove that the deadline should be equitably tolled. See Pyles v. Boeing Co., 187 F. Supp.2d 1311, 1315-16 (D. Kan. 2002) (citing Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996)) (Tenth Circuit narrowly construes equitable exceptions to Title VII time limitations).

Plaintiff asserts that the Court should excuse his failure to file a timely charge of discrimination because of "newly discovered evidence," which he apparently argues tolls the 300-day limitations period. The newly discovered evidence on which plaintiff relies is the letter of March 6, 2009 from the EEOC to Congressman Moore. That letter stated that defendant's recruiter noted that plaintiff did not display strong written or verbal skills. In his second administrative charge, plaintiff asserted race and national origin discrimination under Title VII, and wrote that he had become aware that defendant did not hire him because Mason had difficulty understanding him. Plaintiff stated that he believed that Mason had difficulty understanding him because he had "different linguistic characteristics common to Chinese groups." See EEOC Charge, June 9, 2009 ( Doc. #37-4). Plaintiff apparently argues that until he read the EEOC letter to Congressman Moore, he did not know that because of "different linguistic characteristics common to Chinese groups," Mason could not understand him.

To be entitled to equitable tolling, plaintiff must demonstrate "active deception" on the part of an employer, the EEOC or the Court. Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). Active deception is where plaintiff has been lulled into inaction by a "deliberate design . . . or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Id. Plaintiff does not allege that defendant intentionally misled him to prohibit or impede his ability to file a timely charge with the EEOC. Plaintiff has not alleged active

-13-

deception by defendant or the EEOC, and thus even if the letter of March 6, 2009 constitutes newly-discovered evidence, it is not a basis for tolling. See Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002) (equitable tolling of Title VII periods of limitation applies only if circumstances rise to level of active deception which might invoke powers of equity).

The Court therefore finds that plaintiff's motion to amend should be overruled as futile.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion To Dismiss (Doc. #8) filed April 24, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Of Amendment To The Complaint (Doc. #32) filed June 22, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Plaintiff's SurReply To Defendant's Partial Motion To Dismiss (Doc. #38) filed July 9, 2009 be and hereby is **SUSTAINED**.

Plaintiff's claim of disparate treatment under the ADEA (as set out in the original complaint) remains in the case.

Dated this 24th day of September, 2009 at Kansas City, Kansas.

        s/ Kathryn H. Vratil
        Kathryn H. Vratil
        United States District Judge