IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEX HUAQIANG LEO, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>GARMIN INTERNATIONAL, )<br>)<br>**Defendant.** )<br>_____)  | CIVIL ACTION<br>No. 09-cv-2139-KHV |

## **ORDER**

Alex H. Leo brings suit pro se against Garmin International, alleging employment discrimination in violation of the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. On June 30, 2009, plaintiff filed a motion asking the Court's permission to hire a relative, Bo Liu, as an interpreter/assistant and to allow Liu access to information deemed confidential under the Court's protective order. See Doc. #33. On September 3, 2009, Magistrate Judge James P. O'Hara denied plaintiff's motion. See Doc. #53. This matter comes before the Court on Plaintiff's Motion For Leave To Review Court's Order [53] (Doc. #57) filed September 11, 2009.[1] For reasons stated below, the Court overrules plaintiff's motion.

### **Legal Standards**

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo

---

[1] Defendant asserts that plaintiff's motion asks Judge O'Hara to reconsider his own ruling. The Court agrees that plaintiff's motion defies clear characterization as a motion to reconsider or a motion to review the magistrate's order. The Court notes that Judge O'Hara has terminated the referral of the motion, however, and that he apparently does not view it as a motion to reconsider. In the interest of judicial economy, the Court construes the motion as an objection to the magistrate's order.

review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court must affirm the magistrate's order unless the entire evidence leaves it "'with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for clear abuse of discretion).

**Factual And Procedural Background**

On June 23, 2009, Magistrate Judge O'Hara entered a Protective Order (Doc. #31) which provides for disclosure of confidential information only to the parties, attorneys (and law firms) who have entered an appearance in the case, witnesses, experts, recognized interpreters and the Court. On June 30, 2009, plaintiff filed a motion seeking permission to hire Bo Liu as an interpreter/assistant and to allow Liu access to information deemed confidential under the protective order. See Doc. #33. Judge O'Hara observed that he had already denied plaintiff's request for "carte blanche" permission to disclose confidential information to his relatives.[2] See Order (Doc. #53) at 2. Judge O'Hara noted that plaintiff had narrowed the request to allow disclosure only to a single relative who agrees to be bound by the protective order. See id. Nonetheless, Judge O'Hara denied plaintiff's request because he found no law to support it, ruling as follows:

---

[2] In granting defendant's motion for entry of a protective order, Judge O'Hara acknowledged that plaintiff's family may have been impacted by the alleged discriminatory practice. He noted, however, that "this is likely true in most employment discrimination cases and is simply not a reason for allowing broader disclosure of the confidential information of third parties." See Doc. #30 at 2.

-2-

> [T]he court can find no legal authority that would permit a pro se plaintiff to disclose a defendant's confidential information, governed by a protective order, to a third-party, absent the defendant's consent. Thus, the court denies plaintiff's motion. The court notes that defendant has stated that it has no objection to plaintiff employing an administrative assistant and granting that assistant access to confidential information, if the administrative assistant is not related to plaintiff. Plaintiff is free to pursue this route of obtaining assistance.

Id. at 2.

In his motion for review, plaintiff asserts that he requires assistance to manage the workload in this case. He states that he can not afford to hire an assistant, and that his only option for obtaining assistance is to "hire Bo Liu without any cash payments." See Doc. #57 at 1. Defendant responds that plaintiff will not be prejudiced if he is not allowed to "hire" Liu. Defendant notes that if plaintiff cannot meet the deadlines set out in the scheduling order, he can request extensions of time.[3]

The Court has carefully reviewed the briefs and record, and is satisfied that the magistrate's ruling is not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To Review Court's Order [53] (Doc. #57) filed September 11, 2009 be and hereby is **OVERRULED**.

Dated this 2nd day of October, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[3] Defendant correctly points out that Judge O'Hara has granted both of plaintiff's motions for extension of time. See Doc. #16, Doc. #52.