IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO, )
)
Plaintiff, )
)
v. ) Case No. 09-2139-KHV
)
GARMIN INTERNATIONAL, INC., )
)
Defendant. )

# ORDER

This employment discrimination case comes before the court on defendant's motion to enforce the scheduling order or in the alternative to quash discovery **(doc. 70)**. Defendant complains that the pro se plaintiff violated a provision in the scheduling order (doc. 20) requiring all discovery to "be commenced or served in time to be completed by October 30, 2009." Specifically, on September 30, 2009, plaintiff served three discovery requests[1] on defendant, and on October 3, 2009, plaintiff served an additional discovery request.[2] Because defendant's responses to these four requests are not due until November 3 and 5, 2009, defendant argues that the requests are untimely and should be quashed. When contacted by defense counsel about the timing of the discovery requests, plaintiff explained

---

[1] *See* "Plaintiff's Fourth Requests of Admissions," "Plaintiff's Second Interrogatories to Defendant," and "Plaintiffs Second Requests to Defendant for Production of Documents."

[2] *See* "Plaintiff's Fifth Requests of Admissions."

that he believed that defendant had thirty days to respond and failed to consider the additional three-day response time provided by Fed. R. Civ. P. 6(d).[3]

It is apparent to the court that the pro se plaintiff is attempting to follow the scheduling order, the court's local rules, and the Federal Rules of Civil Procedure. He is clearly not acting in bad faith; rather, he missed a technical rule regarding the calculation of time when service is made by email or mail. The court finds good cause to extend the discovery deadline by six days. On the court's own motion, the discovery deadline is hereby extended to November 5, 2009. Plaintiff's discovery requests served on September 30, 2009 and October 3, 2009 are deemed timely under this new deadline.[4]

Defendant's motion further seeks to quash plaintiff's September 30, 2009 and October 3, 2009 discovery requests on the alternative grounds that the discovery sought is unreasonably cumulative, irrelevant, overly burdensome, and/or already in plaintiff's possession. Although the motion mentions a few examples of categories of information that defendant objects to providing, the motion does not mention the specific requests for admission, document requests, or interrogatories that defendant finds objectionable. As it stands, defendant appears to argue that each of the 126 new discovery requests are unreasonably cumulative, irrelevant, overly burdensome, and seek information already in plaintiff's possession.

---

[3]The court recognizes that this explanation does not fully account for plaintiff's discovery request served on October 3, 2009.

[4]The court notes, however, that any further discovery requests will be deemed too late and will be quashed.

Defendant's motion to quash the discovery on these alternative grounds is denied without prejudice. The court has reviewed the discovery requests as a whole and does not find them objectionable on their face. Defendant has not attempted to meet its burden of showing that particular requests are irrelevant,[5] burdensome,[6] or otherwise objectionable. Finally, the court declines to guess at which specific objection or objections defendant asserts as to each particular discovery request.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Defendant's motion to enforce the scheduling order or in the alternative to quash discovery **(doc. 70)** is denied.

2. The discovery deadline set in the scheduling order (doc. 20) is extended to November 5, 2009.

3. Defendant is without prejudice to filing a motion to quash discovery that more particularly asserts defendant's objections and arguments.

---

[5] *See Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." (citations omitted)).

[6] *See Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (holding that the party objecting to discovery has an obligation "to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure" required to respond).

4. The clerk shall mail copies of this order to plaintiff by regular and certified mail.

Dated this 14th day of October, 2009, at Kansas City, Kansas.

                                          s/James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge