IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. 09-2139-KHV
                                  )
GARMIN INTERNATIONAL, INC.,       )
                                  )
            Defendant.            )

# ORDER

This is an age-discrimination case filed by pro se plaintiff Alex HuaQiang Leo against defendant Garmin International, Inc. Depositions of Wenlong Zheng and Shuai Wang were conducted back-to-back on November 10, 2009. Two video cameras were used to record the depositions. Leo had originally informed Garmin's attorney, Kerri S. Reisdorff, that the second camera was only intended to serve as a back-up in case the primary camera failed. However, during the course of the depositions, Reisdorff discovered that the second camera was trained solely on her and her notes.

After the undersigned U.S. Magistrate Judge, James P. O'Hara, was informed about this, Leo was ordered to deliver to chambers for review any and all copies of the recording from that second video camera. The undersigned reviewed the tapes and issued an order on November 19, 2009, giving the parties until November 30, 2009, to show cause why the tape from the second camera used during those depositions ought not be destroyed along with the only DVD copy of the same (**doc. 103**). Garmin provided its response in its motion to

dismiss filed on November 23, 2009 (doc. 105).[1] Leo did not respond until December 7, 2009, when he filed his response to Garmin's motion to dismiss.

Garmin has requested it be allowed, at its own expense, to make a copy of the recording from the second camera to determine if any crimes or civil wrongs were committed by either Leo or Leo's adult daughter, Beth Liu. Liu was captured on tape by the second camera reading Reisdorff's notes during a break in the deposition, despite the fact that Leo had been informed by the court that Liu was not allowed to be present during the depositions. Garmin does not object to the destruction of the original tape and DVD copy given to the court by Leo, provided it receives a copy for its own record. But Garmin does object to Leo obtaining any copy of the recording due to the fact that the camera was impermissibly focused on Reisdorff.[2] Leo does not oppose the destruction of the tape and DVD copy given to the court, but he does object to Garmin obtaining a copy.[3]

The undersigned sees no reason why Leo would be prejudiced by Garmin having a copy of the video footage of Garmin's counsel. Leo is already in possession of recordings of the depositions made with the primary camera that was correctly focused on the deponent. Accordingly, Garmin will be allowed to make a copy of the recording in question. The court will retain the original tape and DVD copy for destruction at the conclusion of this litigation.

---

[1] The remainder of the issues raised in Garmin's motion to dismiss are addressed separately in a report and recommendation to U.S. District Judge Kathryn H. Vratil.

[2] Doc. 106 at 21.

[3] Doc. 119 at 33.

The parties are hereby informed that, within 14 days after a party is served with a copy of this order, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the order. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the order.

A copy of this order will be sent to pro se plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated this 7th day of January, 2010, at Kansas City, Kansas.

> s/ James P. O'Hara
> James P. O'Hara
> U.S. Magistrate Judge