IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO, )
)
Plaintiff, )
)
v. ) Case No. 09-2139-KHV
)
GARMIN INTERNATIONAL, INC., )
)
Defendant. )

# REPORT AND RECOMMENDATION

This employment-discrimination case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of defendant Garmin International, Inc., to dismiss this case as a sanction for violations by the pro se plaintiff, Alex HuaQiang Leo, of various court orders and procedural rules (**doc. 105**).[1] At a status conference on November 17, 2009, certain issues related to some depositions were brought to the court's attention. Specifically, Garmin's counsel, Kerri S. Reisdorff, informed the court that Leo had focused a camera directly on her during the depositions of Wenlong Zheng and Shuai Wang. Leo had previously told Reisdorff that he wanted to use a second video camera to record the depositions in case the primary video camera failed. During the depositions, however, Reisdorff discovered that the second camera was focused solely on her and had been recording her actions throughout the course of the depositions.

---

[1]Garmin's motion also addresses the court's earlier order to show cause why some deposition recordings should not be destroyed. That issue is addressed in a separate order.

The undersigned ordered Leo to produce all copies of the recordings from the second camera for review in chambers. Upon review, the undersigned determined that the second camera had indeed been trained solely on Reisdorff. Review of that recording also revealed that Leo's adult daughter, Beth Liu, who has been assisting Leo throughout this case, entered the deposition room during breaks and looked at Reisdorff's notes, despite specific order of the court that she not be allowed into the deposition or given access to confidential information (*see* docs. 103 & 96).

Garmin has now moved under Fed. R. Civ. P. 41(b) for dismissal of this case as a sanction due to the behavior of Leo and Liu. Rule 41(b) authorizes the defendant to seek dismissal with prejudice if the plaintiff "fails . . . to comply with [the Federal Rules of Civil Procedure] or a court order." The imposition of sanctions is a matter of the district court judge's discretion.[2] Whether to impose involuntary dismissal as a sanction under Rule 41(b) is determined in accordance with the factors set forth in *Ehrenhaus v. Reynolds*. Those factors include the degree of actual prejudice to the defendant, the amount of interference with the judicial process, the culpability of the plaintiff, whether the plaintiff was previously warned that dismissal would be a likely sanction, and the efficacy of lesser sanctions.[3]

Dismissal with prejudice is the among the harshest and most definitive sanctions a

---

[2]*See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); *see also Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539, 2007 WL 1267464, at *3 (D. Kan. May 1, 2007).

[3]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Mobley*, 40 F.3d at 340-41.

court can impose, and it should only be employed as a last resort.  Dismissal ought only be used where the aggravating factors outweigh the interest of the judicial system in resolving the case on its merits,[4] and it should be based on willfulness or bad faith rather than on the plaintiff's inability to comply.[5]

The undersigned believes that the behavior of Leo and Liu with regards to these depositions was underhanded and offensive, and that it does amount to willful misconduct.  But based on the high standard set for dismissal as a sanction as well as the extreme nature of such a sanction, the undersigned concludes that dismissal is not appropriate at this time.

However, the potential prejudice this—among the other actions taken by Leo as outlined in Garmin's motion—may have caused Garmin is absolutely not overlooked.  Accordingly, the undersigned concludes that a more appropriate sanction would be to prohibit the use of the Zheng and Wang depositions at trial, should this case proceed past the summary-judgment stage.  This includes use of the depositions both substantively and for impeachment purposes.  However, Leo may, if he wishes, use the depositions in crafting his opposition to Garmin's motion for summary judgment.

Garmin has also requested fees and costs associated with filing the instant motion.  The undersigned notes that Leo is proceeding in forma pauperis in this case (*see* doc. 4).

---

[4]*Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009).

[5]*Medlock v. Otsuka Pharmaceutical, Inc.*, No. 07-2013, 2008 WL 243674, at *13 (D. Kan. Jan. 29, 2008) (citing *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995)).

Notwithstanding this, and in consideration of the fact that Leo has been told before, both during hearings and in previous orders, that financial or procedural sanctions may result from his conduct, the undersigned recommends that Leo be required to pay Garmin $2,000 as compensation for Garmin's time, expense, and trouble. Leo's behavior in general throughout the course of this litigation has made what should have been a straightforward age-discrimination employment case much more labor-intensive and troublesome than it needed to be. The amount noted above represents a sound middle ground between Leo's status as a pro se litigant proceeding in forma pauperis and the significant cost to Garmin in dealing with the ongoing saga surrounding these depositions in particular and discovery in general.

The parties are hereby informed that, within 14 days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation will be sent to pro se plaintiff by regular and certified mail.

Dated this 7th day of January, 2010, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge