# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO,                     )
                                        )
               **Plaintiff**,         )
                                        )
v.                                      )     CIVIL ACTION
                                        )     No. 09-cv-2139-KHV
GARMIN INTERNATIONAL,                   )
                                        )
               **Defendant**.        )
_____)

## MEMORANDUM AND ORDER

Alex H. Leo brings suit pro se against Garmin International, alleging employment discrimination on account of age in violation of the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and unspecified employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. This matter comes before the Court on Defendant's Motion To Dismiss And Response To Order To Show Cause (Doc. #105) filed November 23, 2009; Magistrate Judge James O'Hara's Report And Recommendations (Doc. #138) filed January 7, 2010, Plaintiff's Objection To Order Of Magistrate Judge [Doc. #137] (Doc. #147) filed January 22, 2010; Plaintiff's Objection To Order Of Magistrate Judge [Doc. #137] (Doc. #148) filed January 22, 2010; Defendant's Objection To Report And Recommendations [Doc. #138] re Motion To Dismiss And Response To Court's Show Cause Order [Doc. #105] (Doc. #154) filed January 29, 2010; Plaintiff's Objection To Report And Recommendations [Doc. #138] (Doc. #157) filed February 1, 2010; Defendant's Motion To Strike [Doc. #148] Objection To Order Of Magistrate Judge [Doc. #137] by Plaintiff Alex HuaQiang Leo, [Doc. #147] Objection To Order Of Magistrate Judge [Doc. #137] by Plaintiff Alex HuaQiang Leo, [and] [Doc. #158], Response To Motion (Doc. #161) filed February 4, 2010. For reasons set forth below, the Court finds that the parties' objections to the Magistrate's Order (Doc. #137) should be overruled. The Court adopts Judge O'Hara's Report

And Recommendations (Doc. #138) filed January 7, 2010. Finally, the Court finds that defendant's motions to dismiss and to strike should be overruled.

## **Legal Standards**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). With regard to fact findings, the Court applies a deferential standard which requires the moving party to show that the magistrate judge order is clearly erroneous. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). Under this standard, the Court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate judge and overrules only for clear abuse of discretion).

With regard to legal matters, the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law. See Sprint Commc'ns Co. v. Vonage Holdings Corp., 500 F. Supp.2d 1290, 1347 (D. Kan. 2007). Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard. See, e.g., Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc., No. 2:02-CV950 TS, 2009 WL 5066679, at *2 (D. Utah Dec. 16, 2009); McCormick v. City of Lawrence, Kan., No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005).

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the Court reviews de novo "those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In conducting a de novo review, the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995).

## Factual And Procedural Background

On November 17, 2009, Magistrate Judge James P. O'Hara conducted a status conference to address discovery issues in this case. Plaintiff appeared in person. His adult daughter, Beth Liu, a non-lawyer who is assisting her father in this case, also attended the conference. Defendant appeared through its attorney, Kerri S. Reisdorff. Defense counsel raised concerns that on November 10, 2009, during depositions of Wenlong Zheng and Shuai Wang, plaintiff improperly focused a video camera on defense counsel and – more importantly – her privileged deposition notes.[1] Plaintiff denied that he or Lui had improperly used the second video camera to film defense counsel or to spy on her work papers. The parties agreed that the primary video camera had only occasionally captured the image of defense counsel as she walked behind or leaned directly in front of the testifying witness. To resolve the factual disagreement about whether plaintiff had video taped defense counsel and her notes, Judge O'Hara ordered that plaintiff produce the second video camera and all copies of the recordings of the Zheng and Wang depositions.

---

[1] Plaintiff had requested – and defendant had not objected to – plaintiff setting up a second video camera. Plaintiff told defense counsel that he planned to use the second camera as a backup in case the primary video camera malfunctioned.

On November 19, 2009, Judge O'Hara entered an order which stated as follows:

> Plaintiff appears to have complied with the court's above-described directives. The court has reviewed the video tape using the secondary video camera which belongs to plaintiff. The tape establishes that the video camera was focused on Garmin's lawyer during virtually all of the Zheng deposition and during much of the Wang deposition. The tape shows the camera picked up the image of defense counsel during the Wang deposition even after she protested and plaintiff supposedly moved the camera's focus. As a practical matter, given the angles involved, there does not seem to be much real risk that plaintiff would be able to use a digitally enhanced version of the tape from the second video camera to read what was in the notes of defense counsel. But what is very troubling is that, even though the court earlier specifically ruled that plaintiff's daughter (Beth Liu) could not be present during depositions taken in this case, the tape shows Liu entered the deposition room during a break in the Wang deposition and, while nobody else was present, spent nearly twenty seconds looking directly at the notes and papers where defense counsel had been seated. Liu did the same thing during a break in the Zheng deposition. Liu's conduct was not only extremely rude but sneaky and dishonest. It also potentially prejudiced Garmin's legal rights.

Doc. #103 at 4-5. Judge O'Hara allowed defendant until November 30, 2009, to file any motion for sanctions against plaintiff and Beth Lui. Judge O'Hara ordered both parties to show cause, in writing, by November 30, 2009, "why the original tape in the second camera used during the Wang and Zheng depositions ought not be destroyed along with [the] only DVD copy of the same plaintiff has represented was made." Id. at 5.

Response To Order To Show Cause

On November 23, 2009, defendant responded to Judge O'Hara's order to show cause. See Defendant's Motion To Dismiss And Response To Court's Show Cause Order (Doc. #105). Defendant stated that if the Court allowed it to make and retain a copy of the tapes from the second camera, it would not object to the Court destroying the original and the Court's copy. Defendant objected to allowing plaintiff to obtain a copy of the recording. Plaintiff did not object to the Court destroying the original and copy, but "to prevent any prejudice against [p]laintiff," objected to

- 4 -

defendant keeping a copy solely for itself. See Doc. #119 at 33. On January 7, 2010, Judge O'Hara ruled that defendant could copy and retain the recording from the second camera. Order (Doc. #137) at 2. Judge O'Hara stated that "Liu was captured on tape by the second camera reading Reisdorff's notes during a break in the deposition, despite the fact that Leo had been informed by the court that Liu was not allowed to be present during the depositions." Judge O'Hara noted that plaintiff already had a copy of the recording of the first camera, which was focused on the deponents, and found that plaintiff would suffer no prejudice if the Court allowed defendant to have a copy of the recording from the second camera. Finally, Judge O'Hara stated that the Court would retain the original and the copy of the recording from the second camera "for destruction at the conclusion of this litigation." Id. Plaintiff has objected to Judge O'Hara's order regarding the recordings.

In conjunction with its response to Judge O'Hara's order to show cause, as a sanction for plaintiff's discovery misconduct, defendant filed a motion to dismiss. Judge O'Hara has recommended that the Court overrule defendant's motion to dismiss. See Report And Recommendation (Doc. #138). In his report and recommendation, Judge O'Hara cited the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), and found that plaintiff and Lui had engaged in willful misconduct. Due to the drastic nature of dismissal, however, Judge O'Hara suggested a lesser sanction, i.e. that the Court prohibit plaintiff from using the Zheng and Wang depositions at trial and impose monetary sanctions. Judge O'Hara found that "plaintiff's behavior in general throughout the course of this litigation has made what should have been a straightforward age discrimination employment case much more labor-intensive and troublesome than it needed to be," and recommended that plaintiff pay defendant $2,000 to compensate it "for

its time, expense and trouble."[2] Plaintiff and defendant have each filed objections to Judge O'Hara's report and recommendation. See Docs. ## 154, 157.

## **Analysis**

As a preliminary matter, defendant has filed a motion to strike as untimely plaintiff's objections to the magistrate order. See Doc. #161. On January 7, 2010, Judge O'Hara filed the order to which plaintiff objects. The order stated that "[t]he parties are hereby informed that, within 14 days after a party is served with a copy of this order, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the order." Doc. #137 at 3. On January 22, 2010, plaintiff filed his objections. See Docs. # 147, 148. Defendant asserts that plaintiff's objections were one day late, and notes that plaintiff did not file a motion for extension of time. Under Fed. R. Civ. P. 77(d), the clerk shall serve notice of court orders immediately upon entry in the manner provided in Rule 5(b), Fed. R. Civ. P.[3] Rule 5(b)(2)(C), Fed R. Civ. P. allows for service by mail, and states that service by mail is complete on mailing. Here, the court clerk mailed service of the order on January 7, 2010. See Docket Annotation, January 7, 2010. The objections which plaintiff filed 15 days later on January 22, 2010 were untimely. Because of the severity of the proposed sanctions, however, the Court will consider plaintiff's objections and therefore overrules defendant's motion to strike.

---

[2] Judge O'Hara noted that plaintiff is proceeding in forma pauperis in this case, but stated that during hearings and in previous orders, the Court has informed Leo that financial or procedural sanctions may result from his conduct.

[3] The Court's administrative procedures provide that pro se filers receive orders of the Court by first class mail, unless they are registered for electronic filing. When Judge O'Hara issued the order, plaintiff was not registered for electronic filing.

I.      Objections To The Magistrate's Order (Doc. #137)

Plaintiff objects, arguing that the magistrate erroneously found that (1) Liu violated Court orders when she entered the deposition room during breaks; (2) plaintiff deceived defense counsel when he stated that the second camera was for backup; (3) Liu read defense counsel's notes during a break; and (4) plaintiff will not be prejudiced by defendant having the only copy of the second camera tape after the Court destroys the copies in its possession.  To prevail on his objections, plaintiff must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. Rule 72(a); see Burton, 177 F.R.D. at 494.

The Court has carefully reviewed the parties' briefs and record, including the relevant deposition recordings.[4] Under the standard of review set forth above, plaintiff has not shown that Judge O'Hara clearly erred with respect to any of the findings to which plaintiff objects. For substantially the reasons set forth in Defendant's Response To Plaintiff's Objections (Doc. #170), the Court finds that plaintiff's objections to the magistrate order should be overruled.[5]

---

[4] The videotapes reveal that about 20 seconds after Lui began looking at defense counsel's notes during a deposition break, she looked up and realized that the cameras were recording her actions. After Lui looked up, she examined the cameras and turned them off. Defense counsel estimates that the break in the deposition lasted from four to seven minutes. Thus, Lui had the opportunity to look at defense counsel's notes for several minutes while the cameras were off. Judge O'Hara's order does not indicate whether he realized that Lui had turned the cameras off for several minutes. Thus, Lui's misconduct was potentially more severe than Judge O'Hara was aware.

[5] The Court overrules as moot plaintiff's objection to the magistrate's finding that plaintiff will not be prejudiced if the Court destroys its copies of the deposition recordings from the second camera. On March 30, 2010, the Court overruled defendant's motion to file copies of the deposition recordings under seal and sustained defendant's motion for leave to file the recordings conventionally. On April 1, 2010, defendant filed copies of the deposition recordings. See Doc. #178.

II.     Report And Recommendation Regarding Defendant's Motion To Dismiss [Doc. #105] (Doc. #138)

Both parties objected to Judge O'Hara's report and recommendation regarding defendant's motion to dismiss. Defendant contends that the proposed sanctions of precluding Leo's use of the Wang and Zheng depositions and a monetary sanction are not sufficient. Defendant asserts that Judge O'Hara should have recommended dismissal under both Rule 41(b), Fed. R. Civ. P., and the Court's inherent power to sanction parties for inappropriate conduct. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005). Plaintiff asserts that the Court should not impose any sanctions.

    A.     Proposed Sanction Precluding Use of Wang and Zheng Depositions At Trial

Both sides object to the recommended sanction that the Court preclude Leo's use of the Wang and Zheng depositions at trial. Plaintiff simply argues that he did not engage in any misconduct. The Court rejects this argument out of hand. Defendant objects to this sanction as ineffective. Leo deposed Wang and Zheng (who are employees of defendant) to show that his English skills are better than theirs and/or to prove that communicating in English is not an essential function of the job that he applied for at Garmin. Defendant argues that such evidence is not relevant to plaintiff's claim of age discrimination.[6] Further, defendant contends that it is extremely unlikely that Leo's lawsuit will survive summary judgment. Thus, defendant argues that Judge O'Hara's proposed trial sanction will not punish Leo for his willful misconduct and that even if the case goes to trial, the Court will sustain a motion to exclude the testimony as irrelevant and confusing. Because the Court does not follow the logic of prohibiting plaintiff from using the Wang and Zheng depositions at trial as a sanction

---

[6] Defendant objected to Leo's request to depose Want and Zheng, arguing that Leo's selection of two uninvolved employees was inappropriate and not reasonably tailored to lead to discoverable evidence.

for the misconduct, it does not adopt this aspect of the report and recommendation.

B.     Defendant's Motion To Dismiss

Defendant argues that dismissal is appropriate under the factors set out in Ehrenhaus v. Reynolds. Under Ehrenhaus, the Court must consider "the degree of actual prejudice to the defendant, the amount of interference with the judicial process, the culpability of the plaintiff, whether the plaintiff was previously warned that dismissal would be a likely sanction, and the efficacy of lesser sanctions." 965 F.2d at 920. In Ehrenhaus, the Tenth Circuit specifically noted that the sanction of dismissal is appropriate in cases of "willful misconduct."

Defendant argues that plaintiff's conduct supports dismissal under Ehrenhaus. First, defendant asserts that plaintiff's misconduct resulted in actual prejudice to defendant.[7] Specifically, defendant asserts that it has expended fees well over $2,000 in dealing with plaintiff's misconduct. The Court notes, however, that monetary expenditures can be remedied through monetary sanctions. As to interference with the judicial process, defendant cites Judge O'Hara's statement that "[plaintiff's] behavior in general throughout the course of this litigation has made what should have been a straightforward age discrimination employment case much more labor-intensive and troublesome than it needed to be." Doc. #138 at 4. This factor weighs in favor of dismissal. Furthermore, despite plaintiff's assertions to the contrary, the Court agrees that plaintiff has engaged in wilful misconduct, including attempts to breach defendant's attorney-client and work product privileges. As to the fourth factor, however, the Court had not advised plaintiff of the potential sanction of dismissal before the depositions on November 10, 2009. Although such a specific warning is not required for the sanction of dismissal, it is a consideration. See Gross v. Gen. Motors

---

[7]     Defendant also alleges other incidents of misconduct by plaintiff, including filing frivolous documents, burdensome discovery demands and ex parte communications.

Corp., 252 F.R.D. 693, 697 (D. Kan. 2008) (ordering dismissal as sanction against pro se plaintiff who had not been explicitly warned that dismissal was potential sanction). Finally, the Court rejects defendant's argument that dismissal is the only effective sanction for plaintiff's misconduct. The Court has not imposed any previous sanctions upon plaintiff. Although defendant argues that the proposed monetary sanction will not be effective because that amount represents only seven to nine hours of defendant's billed attorney time, the Court notes that plaintiff proceeds in forma pauperis and that $2,000 is certainly not a de minimus amount given plaintiff's circumstances. See Doc. #2-1 (defendant unemployed with very limited assets).

Plaintiff objects to both proposed sanctions. He asserts that Judge O'Hara's report and recommendation is based on many mistaken premises.[8] Specifically, plaintiff contends that the Court never warned him about possible sanctions; that neither plaintiff nor Lui knew that Lui should not enter the deposition room during breaks; that Lui has very poor vision and could have not read any of defense counsel's notes and that plaintiff did not intend to misuse the second camera but used it only as a backup.

The Court has carefully reviewed the record in this case and finds that the facts set out in Judge O'Hara's report and recommendations are fully supported by the record. The Court adopts the report and recommendation except for the proposed sanction of prohibiting plaintiff from using the Zheng and Wang depositions at trial.

**IT IS THEREFORE ORDERED** that the Court adopts Magistrate Judge James O'Hara's Report And Recommendations (Doc. #138) filed January 7, 2010 except for the proposed sanction of prohibiting plaintiff from using the Zheng and Wang depositions at trial.

---

[8] Plaintiff has filed 44 pages of briefing on this issue; the Court has considered all of plaintiff's arguments but does not address each one individually.

**IT IS FURTHER ORDERED** that <u>Defendant's Motion To Dismiss And Response To Order To Show Cause</u> (Doc. #105) filed November 23, 2009; <u>Plaintiff's Objection To Order Of Magistrate Judge [Doc. #137]</u> (Doc. #147) filed January 22, 2010 (Doc. #147); <u>Plaintiff's Objection To Order Of Magistrate Judge [Doc. #137]</u> (Doc. #148) filed January 22, 2010; <u>Defendant's Objection To Report And Recommendations [Doc. #138] re Motion To Dismiss And Response To Court's Show Cause Order [Doc. #105]</u> (Doc. #154) filed January 29, 2010; <u>Plaintiff's Objection To Report And Recommendations [Doc. #138]</u> (Doc. #157) filed February 1, 2010 and <u>Defendant's Motion To Strike [Doc. #148] Objection To Order Of Magistrate Judge [Doc. #137] by Plaintiff Alex HuaQiang Leo, [Doc. #147] Objection To Order Of Magistrate Judge [Doc. #137] by Plaintiff Alex HuaQiang Leo, [and] [Doc. #158], Response To Motion</u> (Doc. #161) filed February 4, 2010 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED that on or before April 16, 2010, plaintiff shall pay defendant $2,000.00 as a sanction for plaintiff's misconduct during depositions on November 10, 2009. On or before April 20, 2010, defendant shall file a notice of satisfaction and judgment as to the $2,000.00 sanction. PLAINTIFF'S FAILURE TO TIMELY PAY THE SANCTION WILL RESULT IN DISMISSAL WITH PREJUDICE.**

**Plaintiff is hereby further notified that failure to comply with the rulings of this Court, the Federal Rules of Civil Procedure and the local rules of this Court may result in sanctions up to and including dismissal with prejudice**.

Dated this 7th day of April, 2010.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge