IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO, )
)
Plaintiff, )
)
v. ) CIVIL ACTION
) No. 09-2139-KHV
GARMIN INTERNATIONAL, )
)
Defendant. )
_____)

## ORDER

On May 21, 2010, the Court sustained defendant's motion for summary judgment on plaintiff's claims of employment discrimination. See Memorandum And Order (Doc. #200). This matter comes before the Court on plaintiff's Motion For The Deposition Video Tapes (Doc. #202) filed May 28, 2010, which the Court construes as a motion for return of property. Plaintiff seeks return of video tapes which he turned over to the Magistrate Judge during the course of discovery, as well as unspecified accessories. For reasons set forth below, the Court finds that the motion should be overruled in part.

On November 17, 2009, Magistrate Judge James P. O'Hara conducted a status conference to address discovery issues in this case.[1] Defense counsel raised concerns that on November 10, 2009, during depositions, plaintiff improperly focused a video camera on defense counsel and her privileged deposition notes. To resolve the factual disagreement about whether plaintiff had video taped defense counsel and her notes, Judge O'Hara ordered that plaintiff produce the second video camera and all copies of the recordings of the Zheng and Wang depositions.

---

[1] The Court has set forth the factual and procedural background of this case in previous orders and incorporates those documents by reference. See, e.g., Docs. ## 177, 186, 200.

On November 19, 2009, Judge O'Hara entered an order which stated as follows:

> Plaintiff appears to have complied with the court's above-described directives. The court has reviewed the video tape using the secondary video camera which belongs to plaintiff. The tape establishes that the video camera was focused on Garmin's lawyer during virtually all of the Zheng deposition and during much of the Wang deposition. The tape shows the camera picked up the image of defense counsel during the Wang deposition even after she protested and plaintiff supposedly moved the camera's focus. As a practical matter, given the angles involved, there does not seem to be much real risk that plaintiff would be able to use a digitally enhanced version of the tape from the second video camera to read what was in the notes of defense counsel. But what is very troubling is that, even though the court earlier specifically ruled that plaintiff's daughter (Beth Liu) could not be present during depositions taken in this case, the tape shows Liu entered the deposition room during a break in the Wang deposition and, while nobody else was present, spent nearly twenty seconds looking directly at the notes and papers where defense counsel had been seated. Liu did the same thing during a break in the Zheng deposition. Liu's conduct was not only extremely rude but sneaky and dishonest. It also potentially prejudiced Garmin's legal rights.

Doc. #103 at 4-5. Judge O'Hara allowed defendant until November 30, 2009, to file any motion for sanctions against plaintiff and Beth Lui. Judge O'Hara ordered both parties to show cause, in writing, by November 30, 2009, "why the original tape in the second camera used during the Wang and Zheng depositions ought not be destroyed along with [the] only DVD copy of the same plaintiff has represented was made." Id. at 5.

On November 23, 2009, defendant responded to Judge O'Hara's order to show cause. See Defendant's Motion To Dismiss And Response To Court's Show Cause Order (Doc. #105). Defendant stated that if the Court allowed it to make and retain a copy of the tapes from the second camera, it would not object to the Court destroying the original and the Court's copy. Defendant objected to allowing plaintiff to obtain a copy of the recording.

Plaintiff did not object to the Court destroying the original and copy, but "to prevent any prejudice against [p]laintiff," objected to defendant keeping a copy solely for itself. See Doc. #119

at 33. On January 7, 2010, Judge O'Hara ruled that defendant could make and retain a copy of the recording from the second camera. Order (Doc. #137) at 2. Judge O'Hara stated that "Liu was captured on tape by the second camera reading Reisdorff's notes during a break in the deposition, despite the fact that Leo had been informed by the court that Liu was not allowed to be present during the depositions." Judge O'Hara noted that plaintiff already had a copy of the recording of the first camera, which was focused on the deponents, and found that plaintiff would suffer no prejudice if the Court allowed defendant to have a copy of the recording from the second camera. Finally, Judge O'Hara stated that the Court would retain the original and the copy of the recording from the second camera "for destruction at the conclusion of this litigation." Id.

Plaintiff objected to the magistrate's ruling that plaintiff would not be prejudiced by defendant having the only copy of the second camera tape after the Court destroys the copies in its possession. The Court reviewed the relevant deposition recordings and overruled plaintiff's objections. See Memorandum And Order (Doc. #186) at 5. The Court finds that to the extent that plaintiff's motion seeks to overturn the Court's ruling concerning destruction of the videotapes, it should be overruled.

Plaintiff also seeks return of unspecified "accessories" which he asserts the Magistrate Judge has in his possession. The Court directs the Magistrate to arrange for return of any such accessories.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For The Deposition Video Tapes (Doc. #202) filed May 28, 2010, which the Court construes as a motion for return of property, be and hereby is **OVERRULED in part**.

**IT IS FURTHER ORDERED** that the Magistrate Judge shall arrange for the return of any accessories in his possession which are owned by plaintiff.

**IT IS FURTHER ORDERED** that the Magistrate Judge shall retain the original and the copy of the recording from the second camera until after the the conclusion of this litigation, including the appeals process.

Dated this 8th day of June, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge