# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEX HUAQIANG LEO, )<br>)<br>       **Plaintiff,** )<br>)<br>v. )<br>)<br>GARMIN INTERNATIONAL, )<br>)<br>       **Defendant.** )<br>_____) | CIVIL ACTION<br>No. 09-CV-2139-KHV |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion To Recognize The Concerned Facts (Doc. #264) filed July 25, 2011; Plaintiff's Motion To Recognize Material Facts (Doc. #270) filed August 15, 2011; Plaintiff's Motion To Recognize Material Facts (Doc. #272) filed August 17, 2011; Plaintiff's Motion To Recognize Material Facts (Doc. #279) filed September 9, 2011; Plaintiff's Motion To Recognize Material Facts (Doc. #281) filed September 12, 2011, Plaintiff's Motion To Recognize Material Facts (Doc. #286) filed September 15, 2011 and Plaintiff's Motion To Recognize Material Facts (Doc. #289) filed September 26, 2011. For reasons set forth below, the Court overrules plaintiff's motions and imposes restrictions on any further filings by plaintiff in this case or against Garmin concerning the issues raised in this case.

### Factual And Procedural Background

On March 20, 2009, pro se plaintiff filed this lawsuit claiming that Garmin failed to hire him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. On September 24, 2009, the Court sustained defendant's partial motion to dismiss plaintiff's disparate impact and Title VII claims. See Memorandum And Order (Doc. #63). On May 21, 2010, the Court sustained defendant's motion for summary judgment on plaintiff's remaining claims of employment

discrimination. <u>Memorandum And Order</u> (Doc. #200). On June 18, 2010, plaintiff filed a notice of appeal. <u>See</u> Doc. # 207, appeal No. 10-3146. On April 18, 2011, plaintiff filed a motion to vacate the judgment under Fed. R. Civ. P. Rules 60(b)(1), (b)(2) and b(4). <u>Plaintiff's Motion For Relief From The Judgment And Orders Because The Court Lacks Jurisdiction Over The Subject Matter</u> (Doc. # 224). On June 21, 2011, the Court overruled that motion. <u>Order</u> (Doc. #258). On June 24, 2011, plaintiff filed a <u>Motion For Reconsideration Re [Doc. #258] Order On Motion For Relief</u> (Doc. #259).

On August 16, 2011, the Tenth Circuit affirmed this Court's rulings which dismissed plaintiff's disparate impact and Title VII claims and granted defendant summary judgment. <u>See Order And Judgment</u> in Tenth Circuit appeal No. 10-3146 (Doc. #274 in this case) (also finding no merit in plaintiff's allegations of attorney misconduct against defendant's lawyers).

Meanwhile, on July 21, 2011, plaintiff filed a second notice of appeal of this Court's <u>Order</u> of June 21, 2011 (Doc. #258) which overruled plaintiff's motion for relief from judgment. <u>See</u> Doc. #262 (appeal No. 11-3213). On July 25, 2011, the Tenth Circuit abated plaintiff's appeal No. 11-3213 "pending notification that the district court has entered an order disposing Plaintiff Alex Leo's motion for reconsideration [doc. 259], which was filed in the district court on June 24, 2011." Doc. #266. On July 25, 2011, the Court overruled plaintiff's motion for reconsideration. <u>Order</u> (Doc. #267). On July 28, 2011, the Tenth Circuit lifted the abatement of Appeal No. 11-3213. Thus, plaintiff's second appeal remains pending before the Tenth Circuit.

## **Analysis**

Plaintiff's motions to recognize material facts address the same arguments which the Court has repeatedly rejected. For reasons set forth in previous rulings, the Court therefore finds that the

motions should be overruled. Further, the Court notes that it has warned plaintiff of possible sanctions for further frivolous filings in this case. See Doc. #267 at 5.[1] The right of access to the courts is neither absolute nor unconditional and the Constitution confers no right to prosecute frivolous or malicious actions. See Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994). The goal of fairly dispensing justice is compromised when the Court is forced to devote limited resources to processing repetitious and frivolous claims. In re Sindram, 498 U.S. 177, 180 (1991). Federal courts have inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. See Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989); see also Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981) (exercise of power to limit filing limited to well-documented and extreme cases; litigant's history must indicate that his filings are predominantly malicious, frivolous or otherwise abusive).

The Tenth Circuit has applied a five-factor test in determining whether a court may limit a litigant's filing. See, e.g., United States v. Kettler, 934 F.2d 326 (Table), 1991 WL 94457, at *6 (10th Cir. 1991) (citing Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). These factors include (1) the litigant's history of litigation and whether it entails vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether lesser sanctions would be adequate to protect the courts

---

[1] Specifically, the Court stated as follows: **"The Court cautions plaintiff that any further request to this Court for post-judgment reconsideration, alteration or modification of the Court's Memorandum And Order (Doc. #200) or Judgment (Doc. #201) may result in monetary sanctions."** Memorandum And Order (Doc. #267) filed July 25, 2011 (also overruling plaintiff's 12 separate Motion[s] For Relief From Judgment).

-3-

and other parties. Id. Ultimately, the question is whether a litigant is likely to continue to abuse the judicial process and harass other parties. Safir, 792 F.2d at 24.

Here, the Court finds that all five factors weigh in favor of limiting plaintiff's pro se filings in this case and as to this defendant. First, plaintiff has filed numerous successive motions, most of which were vexatious and meritless efforts to overcome the Court's summary judgment ruling, which the Tenth Circuit has now affirmed. Plaintiff has authored the majority of the 288 documents on the docket sheet. Plaintiff's abusive and repetitive filings have strained the resources of the Court, and undoubtedly those of defendant as well. See In re McDonald, 489 U.S. 180, 184 (1989); see also Zhu v. Fed. Hous. Fin. Bd, No. 04-2539, 2007 WL 1266887, at * 4 (D. Kan. May 1, 2007). As to the second factor, plaintiff has repeatedly sought to reassert dismissed claims. Plaintiff could not have had an objective good faith expectation that he would prevail on his repetitive motions to reconsider issues already ruled upon. The third factor also weighs in favor of filing limitations because plaintiff is not represented by counsel. As to the fourth factor, plaintiff has repeatedly filed motions to reconsider and made numerous attempts to reassert claims which the Court has dismissed.[2] Defendant has incurred needless expense in responding to plaintiff's repetitive motions. This factor weighs in favor of filing restrictions. Finally, regarding the fifth factor, the Court has already issued a $2,000 sanction against plaintiff for misconduct during depositions. See Memorandum And Order (Doc. #186) filed April 7, 2010. Further, the Court has warned plaintiff concerning further monetary sanctions. The monetary sanction and the warnings did not deter plaintiff from making groundless attempts to revive this case. The five factors all weigh in favor of

---

[2] Plaintiff also filed two additional lawsuits against defendant; those suits are currently on appeal. See Leo v. Garmin, Tenth Circuit Case Nos. 11-3109; 11-3145.

filing limitations.

**IT IS THEREFORE ORDERED that the Clerk is directed to terminate plaintiff's electronic filing privileges. If plaintiff seeks to conventionally file any further motion, document or exhibit in this case – or to file a new case against Garmin which appears to relate to the issues which plaintiff has raised in this case – the Clerk shall submit such motion, document or exhibit to the undersigned judge. The Court will then determine whether plaintiff may file the document or case in question. Plaintiff is further warned that if he seeks to file in this Court any document which requests post-judgment reconsideration, alteration or modification of the Court's <u>Memorandum And Order</u> (Doc. #200) or <u>Judgment</u> (Doc. #201), the Court will sanction plaintiff a minimum of $500.00 for each violation.**

**IT IS FURTHER ORDERED that <u>Plaintiff's Motion To Recognize The Concerned Facts</u> (Doc. #264) filed July 25, 2011; <u>Plaintiff's Motion To Recognize Material Facts</u> (Doc. 270) filed August 15, 2011; <u>Plaintiff's Motion To Recognize Material Facts</u> (Doc. #272) filed August 17, 2011; <u>Plaintiff's Motion To Recognize Material Facts</u> (Doc. #279) filed September 9, 2011; <u>Plaintiff's Motion To Recognize Material Facts</u> (Doc. #281) filed September 12, 2011; <u>Plaintiff's Motion To Recognize Material Facts</u> (Doc. #286) filed September 15, 2011 and <u>Plaintiff's Motion To Recognize Material Facts</u> (Doc. #289) filed September 26, 2011 be and hereby are OVERRULED.**

Dated this 26th day of September, 2011, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge