IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO,                )
                                  )
                Plaintiff,        )
                                  )
v.                                )        Case No. 09-2139-KHV
                                  )
GARMIN INTERNATIONAL, INC.,       )
                                  )
                Defendant.        )

## REPORT AND RECOMMENDATION

This matter is before the court upon the mandate of the Tenth Circuit Court of Appeals for a determination of the reasonable attorney fees incurred by defendant in opposing one of plaintiff's appeals in this case.[1]  After determining that plaintiff's appeal was "frivolous," the Tenth Circuit sanctioned plaintiff by awarding "reasonable appellate attorney's fees" to defendant.[2]  It remanded the case to this court for a determination of the amount of those fees.  Defendant has set forth an affidavit and billing records in support of its claim that it incurred $12,710.90 in attorney fees opposing plaintiff's appeal.  For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that the presiding U.S. District Judge, Kathryn H. Vratil, award defendant reasonable attorney fees in the amount requested.

---

[1]*See* doc. 299 (appeal mandate in appellate case No. 11-3321).

[2]*Id.* at 4, 5.

I.      **Background**

Plaintiff filed this suit alleging discrimination on the bases of age and national origin after defendant did not hire him as a software engineer.  Judge Vratil dismissed three of plaintiff's claims in granting defendant's partial motion to dismiss (doc. 63), and disposed of the remainder of the case on summary judgment (doc. 200).  Plaintiff appealed those orders to the Tenth Circuit (appellate case No. 10-3146).  The Tenth Circuit affirmed in *Leo v. Garmin International, Inc.*, 431 F. App'x 702 (10th Cir. 2011) ("*Leo I*").

While his first appeal was pending, plaintiff filed a Fed. R. Civ. P. 60(b) motion seeking relief from summary judgment.  Judge Vratil denied the motion (doc. 258), and plaintiff filed his second appeal in this case (appellate case No. 11-3213).  The Tenth Circuit affirmed the denial of Rule 60(b) relief in *Leo v. Garmin International, Inc.*, No. 11-3213, 2012 WL 627674 (10th Cir. Feb. 28, 2012) ("*Leo II*").

Also while his first appeal was pending, plaintiff filed twelve additional motions seeking relief from Judge Vratil's summary judgment order and a motion to reconsider the denial of his Rule 60(b) motion.  In a single order, Judge Vratil denied all thirteen motions and cautioned plaintiff that any further request for post-judgment relief from the order granting summary judgment might result in monetary sanctions (doc. 267).

Despite Judge Vratil's warning and, in the interim, the Tenth Circuit's order in *Leo I* affirming the entry of summary judgment, plaintiff filed seven additional post-judgment motions asking the court to recognize hundreds of so-called facts concerning defendant's

motion for summary judgment.  Judge Vratil denied the seven motions and imposed restrictions on plaintiff's ability to make future filings (doc. 290).  Plaintiff appealed Judge Vratil's order, marking his third appeal in this case (appellate case No. 11-3321).  The Tenth Circuit affirmed Judge Vratil's order in *Leo v. Garmin International, Inc.*, No. 11-3321, 2012 WL 627694 (10th Cir. Feb. 28, 2012) ("*Leo III*").  The Court stated that the seven motions "were transparent attempts to once again revisit issues resolved by the district court in its motion to dismiss and on summary judgment," and that plaintiff's appellate briefs raised "the same issues" decided in *Leo I*.[3]  Deeming plaintiff's third appeal "frivolous," the Court determined that plaintiff was subject to sanctions under Fed. R. App. P. 38.[4]  The Court granted defendant's motion for sanctions and remanded the case to this court to determine the amount of reasonable attorney fees incurred by defendant in defending *Leo III*.[5]

Judge Vratil referred the matter to the undersigned for a report and recommendation

---

[3]*Leo III*, 2012 WL 627694, at *2.

[4]*Id.*

[5]In addition to the active procedural history in this case, a second, related case has come before this court and the Tenth Circuit.  In late 2010, plaintiff filed a second suit against defendant (case No. 10-2495-JTM).  The presiding U.S. District Judge in that case, J. Thomas Marten, concluded that the case was barred by the doctrine of res judicata and granted defendant's motion to dismiss.  Plaintiff filed eight post-judgment motions, which Judge Martin denied.  In a consolidated appeal, the Tenth Circuit affirmed Judge Marten's orders.  *Leo v. Garmin Int'l, Inc.*, Nos. 11-3109 & 11-3145, 2012 WL 627672 (10th Cir. Feb. 28, 2012).

regarding defendant's reasonable appellate attorney fees incurred in *Leo III*,[6] and the undersigned set deadlines for the filing of defendant's accounting and plaintiff's objection to the accounting.[7]  Defendant filed its accounting seeking $12,710.90 in appellate attorney fees.  In his response to the accounting, plaintiff does not challenge the amount of attorney fees sought, but instead presents further frivolous arguments challenging Judge Vratil's entry of summary judgment.  These arguments deserve no more of the court's attention and will not be addressed here.  The undersigned will independently analyze defendant's accounting of its appellate attorney fees.

## II.    Jurisdiction

Before reaching the merits of defendant's attorney fees request, the court must briefly address its jurisdiction to act on the mandate.  On June 11, 2012, plaintiff appealed the undersigned's text-entry order setting the schedule for briefing this fee matter.[8]  "The filing of a notice of appeal divests the district court of jurisdiction with two recognized exceptions: (1) untimeliness of the notice, and (2) dependence on an unappealable order."[9]  On June 12, 2012, the Tenth Circuit tolled the briefing on the appeal because "no final, appealable order has yet been entered."[10]  Thus, because the "notice of appeal is 'manifestly deficient' by

---

[6]Doc. 304.

[7]Doc. 305.

[8]Doc. 309, Notice of Appeal.

[9]*United States v. 397.51 Acres of Land*, 692 F.2d 688, 693 (10th Cir. 1982).

[10]*Leo v. Garmin Int'l, Inc.*, No. 12-3155, slip op. at 1 (10th Cir. June 12, 2012).

reason of a nonappealable order," the appeal is frivolous, the second exception to divestiture of jurisdiction is met, and this court "may ignore [the appeal] and proceed with the case."[11]

## III.   Analysis

To determine reasonable attorney fees, the court arrives at a so-called "lodestar" figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[12]   The party seeking attorney fees bears the burden of documenting the appropriate hours expended and hourly rates.[13]   The lodestar figure is presumed to be a reasonable fee, but the court may adjust it upward or downward as necessary.[14]

### A.   Reasonable Hours

The first step in calculating the lodestar is to determine the number of hours counsel reasonably spent on the litigation.[15]   As earlier indicated, the burden is on the fee applicant (here defendant) to show that the hours claimed are reasonable.   To satisfy this burden, defendant must submit "meticulous, contemporaneous time records that reveal, for each

---

[11]*Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 340–41 (10th Cir. 1976); *see also McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1161–62 (10th Cir. 2005) (ruling that when a district court certifies an appeal as frivolous, the district court retains jurisdiction).

[12]*Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006).

[13]*Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

[14]*Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1103 (10th Cir. 2005), *overruled on other grounds by Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[15]*Case*, 157 F.3d at 1249.

lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[16]  Attorneys normally do not bill all hours expended in litigation to a client, i.e., "an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked."[17]  To show billing judgment, counsel for defendant should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, and the court has a corresponding obligation to exclude hours not "reasonably expended" from the calculation.[18]  But the court need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'"[19]

According to defendant's summary of time billed (doc. 306-2), the total attorney time billed in conjunction with plaintiff's third appeal is 54.7 hours.[20]  Defense counsel states that this number does not include 14.9 hours of attorney work performed, but not billed to defendant in the exercise of billing judgment.

---

[16]*Id.* at 1250.

[17]*Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)).

[18]*Id.*

[19]*Id.* (citations omitted).

[20]Defense counsel failed to calculate the total number of attorney hours expended on this matter.  The court calculated the total number of hours by adding the individual time entries.

The court has reviewed the summary of time presented by counsel and finds that the claimed number of hours were reasonable and necessary to this litigation.  Although a typical appellate case would involve the appellee only drafting and submitting a response to the appellant's brief, plaintiff's litigious actions throughout this case justifiably led defendant to file two additional motions: a motion to dismiss the appeal as frivolous, and a motion for the entry of sanctions against plaintiff.  Given the Tenth Circuit's order finding the appeal frivolous and sanctioning plaintiff, it is clear that defense counsel acted appropriately in devoting time to these motions.  The court also notes that, although plaintiff filed three motions for extension of time to file his appellant briefs and two motions requesting that discipline be imposed on defendant's attorney, defense counsel made the cost-saving decision not to respond to these five motions.

### B.      Reasonable Hourly Rates

In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees."[21]  A reasonable hourly rate comports with rates "prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and

---

[21]*Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

reputation."[22]  "A district judge may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate."[23]

Defendant has submitted the affidavit of its lead counsel, Kerri Reisdorff, stating that she billed at a rate of $265.00 per hour during 2011 and $275.00 per hour during 2012.[24] Ms. Reisdorff is a shareholder in a national labor-and-employment law firm and has more than ten years of experience in the practice of labor-and-employment law.  An associate attorney, Rene Duckworth, also worked on this case and billed at a rate of $211.50 per hour during 2011 and $229.50 per hour during 2012.  Ms. Duckworth has previous experience as a federal judicial law clerk and practices exclusively in the area of labor-and-employment law.  Based on the evidence submitted by defense counsel, as well as the court's own knowledge of prevailing rates charged by attorneys in the Kansas City area, the court finds that the hourly rates charged are reasonable considering the level of experience and skill of counsel.[25]

---

[22]*Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

[23]*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 39 F.3d 1482, 1493 (10th Cir. 1994) (citation omitted).

[24]Doc. 306-1.

[25]*See, e.g., Kan. Judicial Watch v. Stout*, No. 06-4056-JAR, 2012 WL 1033634, at *11 (D. Kan. March 27, 2012) (approving attorney rates ranging from $170.00 per hour to $275.00 per hour for attorneys working in Topeka, Kansas); *Medical Supply Chain, Inc. v.; US Bancorp, NA*, No. 02-2539-CM, 2005 WL 2122675, at *1 (D. Kan. May 13, 2005) (approving rate of $260.00 per hour for attorneys in Kansas City, Kansas).

## C.      Lodestar Calculation

The lodestar calculation is as follows:

Kerri Reisdorff in 2011: $265.00 x 6.9 hours = $1,828.50.

Kerri Reisdorff in 2012: $275.00 x 4.6 hours = $1,265.00.

Rene Duckworth in 2011: $211.50 x 16.5 hours = $3,489.75.

Rene Duckworth in 2012: $229.50 x 26.7 hours = $6,127.65.

Total attorney fees = $12,710.90.

The court finds that no adjustment of the lodestar figure is warranted.[26]  Thus, the undersigned is of the opinion that Judge Vratil should award reasonable attorney fees in the amount of $12,710.90.

## IV.    Notice

Plaintiff is hereby informed that, within fourteen days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

---

[26]*See Hensley*, 461 U.S. at 434 n.9 (recognizing that while the district court should consider whether an adjustment to the lodestar amount is justified, many factors that might otherwise lead to an upward or downward adjustment "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate").

Dated this 18th day of June, 2012, at Kansas City, Kansas.

s/ James P. O'Hara

James P.  O'Hara

U.S. Magistrate Judge
